RIVERA ET AL., PLAINTIFFS AND APPELLANTS, *v.* RIVERA ET AL., DEFENDANTS AND APPELLEES.

APPEAL from the Second District Court of San Juan in an Action for the Annulment of a Will.

No. 2691.—Decided December 19, 1922.

WILL—ANNULMENT OF WILL—PLEADING.—In an action for the annulment of a holographic will on the ground that it favored a bastard son of the testator, if it is not alleged in the complaint that the said son was designated heir in the will, but only that a bequest was made to him without showing that the said bequest exceeded the one-third of the estate subject to free disposal, the complaint does not allege facts sufficient to constitute a cause of action.

ID.—ID.—ID.—DISCRETION OF COURT.—Where the complaint does not state a cause of action, although the defendant may not demur on that ground the court may dismiss the complaint *motu proprio.*

The facts are stated in the opinion.
*Mr. M. Moraza* for the appellants.
*Messrs. M. Tous Soto* and *M. F. Rossy* for the appellees.
MR. JUSTICE FRANCO SOTO delivered the opinion of the court.

This is an action for the annulment of a holographic will on the ground that it favored a bastard child of the testator.

The trial court dismissed the complaint and its opinion in the case reads as follows:

"By a stipulation of their respective attorneys the parties have submitted this case for decision on the pleadings, for each and all of the allegations have been admitted and the questions to be decided are purely questions of law. Considering the allegations of the amended complaint and of the answer, as well as the civil cases prosecuted in this court under numbers 1883, 1895 and 1923, which by virtue of the said stipulation have been taken into account in deciding this case;

"And considering that from the amended complaint it can not be ascertained whether or not the amount of the bequest made by the testator to Manuel Rivera Díaz exceeds one-third of the estate, for which reason it can not be deduced whether the holographic will of Manuel Rivera Marrero affects the legal portion of Edelmira Rivera Vázquez, who was declared by this court to be his universal heir;

"The court is of the opinion that the said amended complaint does not state facts sufficient to constitute a cause of action and, therefore, it renders judgment dismissing the said complaint with costs."

The 4th, 5th and 6th allegations of the complaint are of essential importance because they are the basis of our conclusions in the case. They are as follows:

"4th. That on July 7, 1918, there was also born in this city a child who was named Manuel and who was registered in the Civil Register of San Juan as an acknowledged natural son of Manuel Rivera y Marrero.

"5th. That the said child named Manuel Rivera appears to be the son of Rosa Díaz, the divorced wife of Antonio Miranda, the said marriage having been dissolved by a judgment of the District Court for the Judicial District of San Juan of May 31, 1918, in an action brought against the wife on the ground of adultery committed with the said Manuel Rivera y Marrero.

"6th. That Manuel Rivera y Marrero died leaving a holographic

will which he made on July 28, 1920, and in which he disposed of his property as follows:

 " 'He leaves to his sister Lina_____ \$75.00

 " 'He leaves to his brother José _____ 25.00

 " 'He leaves to his brother Jenaro_____ 200.00

 " 'He leaves to his daughter Edelmira_____ 200.00

 " 'Leaving also to his daughter Edelmira a house at Stop 21, Santurce, and to his son Manolín another house at Stop 23.

 " 'Some money that was left in the drawer of the desk and \$500 which used to be in the second drawer, but which is invested in a business managed by a certain Engracia, and the billiard table are for Rosa and her son Manolín, to be used in purchasing a small house.

 " 'That Engracia has \$650 and according to a balance struck on June 29, 1920, the profits to be divided between the two amounted to \$1,184.83. (This is a partnership for the purchase and sale of local products entered into between Engracia Lozada and the testator, Manuel Rivera y Marrero.)' "

In no allegation of the complaint is it alleged that the testator designated Manuel Rivera Díaz as an heir and it can not be presumed that the testator gave him that character by calling him his "son." It is rather to be deduced from the complaint that the testator distributed his estate among the persons designated and that as Manuel Rivera Díaz was not designated as an heir, the share to be received by him should be considered as a legacy or gift. That being the conclusion, it should have been alleged that in either case this share exceeded the portion of the estate subject to free disposal in order that the legacy or gift might be considered inofficious or void as to such excess. See section 807 of the Civil Code in connection with section 2 of the Act to amend and repeal sections 795, 796, 797, 801, 811, 812, 815, 821, 822, 823 and 824 of the Civil Code of March 9, 1905.

In matters of succession the Civil Code is clear and precise. It imposes upon every testator the obligation to designate the heirs in a manner which will leave no room for doubt. Nevertheless, in case of failure to expressly desig-

nate the heirs in some manner, it is to be presumed that the testator left it to the law to make this designation by calling the lawful heirs to the succession, but in any case the other dispositions of the will of the testator should be respected, subject to the limitations established by law. Section 752 of the Civil Code.

The appellant includes no assignment of errors in his brief and we doubt that he has complied with the rules of this Supreme Court. In the course of his argument he alleges only that the lower court contravened sections 109 and 105 of the Code of Civil Procedure, because defendant Rivera Díaz did not demur to the complaint on the ground of lack of a cause of action, and, that being the case, the court should have considered the demurrer as waived. The appellant cites no authority, but it is a settled matter that the allegation that a complaint does not state facts sufficient to constitute a cause of action is a plea which may be set up for the first time in this court, and one upon which both the trial court and the appellate court may pass *motu proprio*, although the parties may not have raised the question. *Giménez* v. *Estate of Guarch*, 11 P. R. R. 67; *Ramírez* v. *Schroder et al.*, 16 P. R. R. 589. The appellant adds also that the lower court infringed section 699 of the Civil Code. This section refers to the duty of a person with whom a holographic will is deposited to present it to the district court as soon as he hears of the death of the testator, but it has absolutely no application or relation to the fundamental question involved in the claim asserted by the plaintiffs.

Therefore, the complaint does not adduce facts sufficient to constitute a cause of action and the judgment of the court below must be

*Affirmed.*

Chief Justice Del Toro and Justices Wolf, Aldrey and Hutchison concurred.